```
1                    UNITED STATES DISTRICT COURT
2                      DISTRICT OF PUERTO RICO

3   UNITED STATES OF AMERICA

4        Plaintiff,
                                    Civil No. 06-1960 JAF)
5        v.
                                    (Related to Crim. No. 03-361)
6   ONE RURAL LOT IDENTIFIED AS
7   FINCA #5,991, LOCATED IN BARRIO
8   PUEBLO, HATILLO, PUERTO RICO,
9   et al.,
10
11       Defendants.
```

**O R D E R**

There is pending before the court the entry of a formal disposition regarding a legal dispute involving a claim for attorney's fees by previous counsel for claimants. See Docket Document Nos. 112-117, 189-190, and 205-206.

On April 23, 2007, we held a hearing and received evidence. See Minutes of Proceedings for the date April 23, 2007, Docket Document No. 59. Today we reiterate our finding of April 23, 2007. Previous counsel shall not recover any legal fees, because they entered into a settlement agreement without proper authorization, misrepresenting to the court the facts surrounding that settlement. See Transcript of Proceedings, Docket Document No. 88.

On that occasion, starting at page 22 of the transcript, we found that the settlement reached by counsel was not valid. It was

Civil No. 06-1960 (JAF)                                                     -2-

not authorized. We further found that the intervention of counsel in the settlement process as depicted in the transcript was, to say the least, questionable from an ethical point of view. See <u>ABA Model Rules of Professional Conduct, Rule Group 1: Client-Lawyer Relationship</u>. The transcript confirms that previous counsel's dealings with their clients and representations to not only their clients but also to the court do not merit any *quantum meruit* consideration.

Therefore, previous counsel shall not recover any legal fees under the professional services contract upon which they have established a claim for legal fees. The history of this case after the original settlement was vacated by this court confirms that new counsel had to start the process toward case disposition anew, devoting substantial time and effort to eventually reach a settlement of the various competing claims.

The Notices of Liens for Attorney's Fees contained in <u>Docket Document Nos. 112 to 117</u>, inclusive, are **DENIED**. The content of <u>Docket Document Nos. 189-190 and 205-206</u> is **NOTED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 19th day of December, 2008.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge