|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | DISTRICT OF PUERTO RICO |

| UNITED STATES OF AMERICA | |
|---|---|
| Plaintiff, | Civil No. 06-1960 JAF) |
| v. | (Related to Crim. No. 03-361) |
| ONE RURAL LOT IDENTIFIED AS FINCA #5,991, LOCATED IN BARRIO PUEBLO, HATILLO, PUERTO RICO, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the district court at the request of the Court of Appeals which, on January 9, 2009, entered an interim order in appeal No. 09-1040. The Court of Appeals asked that this district court evaluate a request for the stay of an order entered by us on January 8, 2009, authorizing the disbursement of certain funds. See Docket Document No. 242, Civ. No. 06-1960 (JAF). It is precisely that disbursement order that is now on appeal in appellate docket 09-1040.

The order subject of the appeal reads as follows:

> After the hearing held on January 7, 2009, the court **ORDERS** the disbursement of $172,550.94 to Ocean International, Inc., c/o its attorney, Anita Hill, Esq. The court will hold in escrow $50,000 of the moneys due to Ocean International, Inc. and/or Arlene Ramírez-Rodríguez for a period of thirty (30) days, with the recommendation that Banco de Desarrollo accept that amount in settlement of attorney's fees. Otherwise, said amount will be disbursed

Civil No. 06-1960 (JAF)                                                            -2-

to Ocean International, leaving for another day, and perhaps another forum, the final disposition of the issue of attorney's fees.

In order to document the final liquidation of the $351,109.19 deposited for Ocean International/Arlene Ramírez-Rodríguez, we include a disbursement summary:

| | |
|---|---:|
| Total Deposit: | $351,109.19 |
| Attorney's fees paid to Anita Hill, Esq.: | 115,866.03 |
| Payment ordered to FirstBank: | 12,692.22 |
| Escrow for Attorney's Fees (Banco de Desarrollo): | 50,000.00 |
| Net Payable to Ocean Int'l, Inc.: | $172,550.94 |

We now have before us the request for stay of order pending appeal, as well as an opposition, Docket Document Nos. 242, 249, Civ. No. 06-1960 (JAF), and proceed to explain the reasons behind our decision to deny "stay" relief.

**I.**

Some basic background is in order. Appellant Banco de Desarrollo Económico para Puerto Rico ("the Bank") settled its forfeiture-related claims with the United States. See Docket Document No. 133, Civ. No. 06-1960 (JAF), dated April 8, 2008. The government had forfeited multiple properties related to criminal narcotics prosecutions. As a result of the forfeiture litigation, the Bank, which held a mortgage lien over certain properties, was recognized an interest accruing as a result of state court mortgage execution litigation, in the amount of $2,208,043.35, increasing at a rate of $394.30 daily until paid.

Civil No. 06-1960 (JAF)                                                     -3-

Under this first settlement agreement, the Bank agreed to wait until the government sold the forfeited properties to collect from the government the first $2,067,634.59. The government refused to pay the $140,408.76 in attorney's fees imposed by local court judgment against criminal defendant Aureliano Giraud and his wife Arlene Ramírez Rodríguez.

The forfeited properties have been appraised at a value of over $6 Million, there being enough equity in the properties to cover the Bank's interest.

A second settlement took place on June 4, 2008. See Docket Document No. 161, Civ. No. 06-1960 (JAF). The criminal defendant's wife, Arlene Ramírez Rodríguez, pro se and representing Ocean Investments International, Inc., was allowed by the government to keep 45% of monies also seized by the government in related criminal case No. 03-361 (JAF). The seized monies amounted to $780,242.65.[1] The 45% payable was $351,109.19. The specific clause in the second

---

[1]The detail behind the aggregate of $780,242.65 is as follows:

CURRENCY SEIZED IN THE CRIMINAL CASE, 03-361 (JAF)
First Bank 01-20000192      $985.00            Ocean Investments Int'l
First Bank 38-5000441       $771.23            Northland International
First Bank 01-5016703       $269,486.42        Ocean Investments Int'l
Manager's Check for         $250,000.00        First Bank #182159
Manager's Check for         $250,000.00        First Bank #182160
Currency seized from Arlene Ramírez $9,000.00

The two manager's checks for $250,000 each were purchased with Ocean Investments International, Inc. funds that were deposited with First Bank in account 01-5016703.

Civil No. 06-1960 (JAF)                                                -4-

settlement agreement, Docket Document No. 161, Civ. No. 06-1960 (JAF), that covers the 45% disbursement reads as follows:

> 7. As part of the criminal case, 03-361 (JAF), the United States will pay Arlene Ramírez Rodríguez forty five percent (45%) of the monies seized, including interest, from Northland International, Ocean International Investment, and Arlene Ramírez Rodríguez, will forfeit fifty five percent (55%) of said monies. Payment shall be made within seven (7) working days of the judgment by check issued to the name of Anita Hill-Adames Esq. Trust Account.

On January 8, 2009, we ordered the final disbursement of the 45%. See Docket Document No. 242, Civ. No. 06-1960 (JAF). Not satisfied with the disbursement ordered, the Bank has appealed and now requests a stay of payment pending appeal. The Bank now objects to the stipulated disbursement under the second settlement agreement, and asks that these monies be first destined to pay the $140,408.76 in attorney's fees mentioned above.

**II.**

The Bank cannot expect to be paid the $140,408.76 from monies we have ordered disbursed to Ocean Investments International, Inc. Ocean is not a party or a mortgage debtor in the state court mortgage foreclosure proceedings. The Bank has no perfected lien over the seized monies. It has never been recognized by the state court or by the two settlement stipulations reached in this case any legal interest in the seized monies, of which only $9,000 were seized from one of the state court judgment debtors – Arlene Ramírez Rodríguez.

Civil No. 06-1960 (JAF)                                                    -5-

While it is true that Arlene Ramírez Rodríguez and her defendant husband Aureliano Giraud are liable to pay the Bank legal fees as judgment debtors in state court mortgage execution proceedings, the Bank has no right to recover payment of its legal fees from monies, the greater majority of which belong to a corporate entity (Ocean), not related to the mortgage execution.  Precisely because of the Bank's lack of a recognized interest or lien over the monies object of disbursement, we tried to have the matter of the legal fees settled, in order to fully close not only this case but the issue of attorney's fees. Precisely for that reason, we reserved $50,000 to pay for legal fees.  If the $50,000 were not acceptable as a settlement figure, the monies would be eventually disbursed to Ocean. However, absent a settlement of legal fees and absent any lien in favor of the Bank, this court cannot force Ocean Investments International, Inc. and a corporate officer, Arlene Ramírez Rodríguez, to pay the Bank from monies belonging to the corporation, Ocean Investments International, Inc.

This reasoning was discussed with counsel for the parties, motivating our statement in our Order at <u>Docket Document No. 242, Civ. No. 06-1960 (JAF)</u>, that, absent a voluntary settlement of attorney's fees, we would be leaving for another day, and perhaps another forum, the final disposition of the issue of attorney's fees.

Lastly, we note that the Bank has been given plenty of opportunity to confront these issues. We have delayed the

Civil No. 06-1960 (JAF)                                                      -6-

1  disbursement for months. However, at this time we think that delaying
2  such disbursement any longer is unfair under the two settlement
3  stipulations reached openly in this case, with the Bank's knowledge,
4  and without objection on its part. Delaying disbursement is also
5  unfair to the rights of the government-recognized, innocent-wife
6  status of Arlene Ramírez Rodríguez, who is about to lose her home and
7  the home of her children for non-payment of the mortgage over that
8  particular residential property.
9       The request for stay pending appeal is **DENIED**.
10      **IT IS SO ORDERED**.
11      San Juan, Puerto Rico, this 14th day of January, 2009.

12                                              S/José Antonio Fusté
13                                              JOSE ANTONIO FUSTE
14                                              Chief U. S. District Judge