UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE RURAL LOT IDENTIFIED AS FINCA NO. 5991 LOCATED IN BARRIO PUEBLO, PUERTO RICO, et al.,<br><br>    Defendants. | Civil No. 06-1960 (JAF) |

**O R D E R**

On September 26, 2006, the United States commenced civil forfeiture proceedings against several parcels of real estate, including the rural lot identified as Finca No. 5500, located in Barrio Pueblo in Hatillo, Puerto Rico. (Docket No. 1.) On July 1, 2008, La Iglesia Asamblea de Dios de Hatillo, Inc. ("Claimant"), moved to intervene under Federal Rule of Civil Procedure 24 to assert its ownership of a subdivision of Finca No. 5500. (Docket No. 170.) We issued an order ("Order") denying Claimant's motion as untimely on July 23, 2008, reminding Claimant that it may have alternate legal recourse under Puerto Rico law. (Docket No. 178.)

On November 2, 2009, Claimant filed the instant petition for relief from our Order under Federal Rule of Civil Procedure 60(b)(1),[1] (3),[2] and (6).[3] (Docket No. 304.) On November 18,

---

[1] Rule 60(b)(1) provides relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise or excusable neglect" within one year from the entry of the judgment. Fed. R. Civ. P. 60(b)(1). Although excusable neglect is a "fairly flexible concept," relief under Rule 60(b) is available "only under

Civil No. 06-1960 (JAF)                                                                                                -2-

Banco Santander Puerto Rico ("BSPR") moved to intervene under Rule 24 to challenge Claimant's petition. (Docket No. 305.) BSPR filed a motion in opposition on November 20 (Docket No. 306), and Claimant responded on December 11 (Docket No. 311).

Claimant argues that we should grant relief because it is an alleged victim of fraudulent conveyance of the disputed subdivision; those responsible for the alleged fraud have failed to perform on a settlement agreement pertaining to the disputed property; and Claimant's counsel failed to inform Claimant of our Order. (Docket No. 304.) BSPR opposes on the grounds that an earlier voluntary dismissal in the Puerto Rico Court of First Instance applies as res judicata to bar Claimant's instant claim in this court. (Docket No. 306.)

First, we must deny Claimant's petition as untimely with respect to Rule 60(b)(1) and (3) because more than a year had passed since the issuance of our Order, and we have no discretion to enlarge the one-year deadline. See Fed. R. Civ. P. 6(b)(2), 60(c)(1) (2007) (amended 2009). Second, justice does not require extraordinary relief under Rule 60(b)(6) because Claimant may have remedies in the Commonwealth courts for obligations in contract or in tort. Notwithstanding BSPR's position (Docket No. 306), res judicata does not apply under Puerto Rico law against parties that were not in privity with the settlement agreement or where a

---

exceptional circumstances." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27-28 (1st Cir. 2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 388 (1993)).

[2] Under Rule 60(b)(3), a court may grant relief from a final judgment due to the "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

[3] Rule 60(b)(6) is a catch-all provision that permits the court to grant relief from a final judgment where justice requires such an extraordinary measure. Fed. R. Civ. P. 60(b)(6).

Civil No. 06-1960 (JAF) -3-

stipulated dismissal fails to indicate that it is with prejudice to further litigation. See 31 L.P.R.A. § 3343 (1990); 32 L.P.R.A. App. III R. 39.1(a)(2) (2000). It is unclear whether Claimant's stipulated settlement explicitly precluded subsequent recourse to legal action. (See Docket Nos. 303-3; 303-4.) Moreover, an alleged breach of this settlement agreement could give rise to an action for breach of contract. See 31 L.P.R.A. § 3018 (1990).

For the foregoing reasons, we hereby **DENY** Claimant's petition for relief under Rule 60(b)(1), (3), and (6) (Docket No. 304).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 21st day of January, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge